This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41804**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FELIX FITZGERALD RAINEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren A. Cortez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellant Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Defendant appeals the sufficiency of the evidence to support his convictions for possession of fentanyl, cocaine, and methamphetamine. Defendant specifically asserts that that the district court erred in denying Defendant a directed verdict at the close of evidence. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant reasserts his contention that the evidence was not sufficient to support his conviction because he was not in exclusive control of the backpack where the drugs were found. Defendant argues that "there was no evidence presented to the jury that made it more likely that he knew the substances were in his backpack (as opposed to the possibility that [his passenger] placed them there without his knowledge)." [MIO 7] We disagree.

**{3}** As we explained in our notice of proposed disposition, the evidence indicating Defendant's knowledge included,

> the fact that Defendant was the driver of a vehicle containing multiple items of drug paraphernalia in plain view, including a scale that Defendant admitted was his, the amount of fentanyl that was found, and that the fentanyl was found inside a container bearing Defendant's name that was located inside a backpack belonging to Defendant and kept inside Defendant's vehicle.

[CN 4-5] *See State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 (explaining that knowledge, like intent, can rarely be proved directly and is therefore often proved by circumstantial evidence). We recognize Defendant's argument that his passenger may have planted the drugs in his backpack, but as we explained in our notice of proposed disposition, the jury was free to reject Defendant's claim that the drugs were planted in favor of the evidence presented by the State. [CN 4] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). We do not reweigh this evidence on appeal, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{4}** Defendant's memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**